UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JODY MADANICK,

    Plaintiff,

v.                                 Case No:   8:18-cv-37-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Jody Madanick, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff protectively filed applications for a period of disability and DIB and for SSI on April 15, 2014, alleging an onset of disability of August 1, 2005. (Tr. 252-59). Plaintiff's claims were denied at the initial and reconsideration levels. (Tr. 156-77). Plaintiff disagreed with these determinations, and timely filed a request for a hearing. On June 16, 2016, a hearing was held before Administrative Law Judge Wallace E. Weakley (the "ALJ"). (Tr. 35-71). On October 3, 2016, the ALJ entered a decision finding Plaintiff not disabled (Tr. 20-34). Consequently, Plaintiff timely requested review of such denial (Tr. 242-43), which was granted by the Appeals Council on September 11, 2017. (Tr. 245-51). The Appeals Council issued an unfavorable decision dated November 1, 2017. The decision became the final decision of the Commissioner. Plaintiff initiated this action by Complaint (Doc. 1) on January 4, 2018.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 15, 2014, the application date. (Tr. 25). At step two, the ALJ found that Plaintiff had the following severe impairments: coronary artery disease, status-post heart bypass surgery and status-post stent placement, type 2 diabetes, and obesity. (Tr. 25). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments

that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work CFR 416.967(b) except the claimant can lift up to 20 pounds occasionally and lift or carry 10 pounds frequently. The claimant can stand/walk 6 hours per 8-hour workday and sit 6 hours per 8-hour workday, with normal breaks. The claimant can occasionally bend, stoop and climb ramps or stairs only and ever climb ladders, ropes or scaffolds. No work in extreme heat or cold. The claimant can occasionally balance and no work at heights.

(Tr. 26). At step four, the ALJ determined that Plaintiff has no past relevant work. (Tr. 29).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 29). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform such jobs as clerical addresser, food and beverage order clerk, and electrical bonder. (Tr. 30). The ALJ concluded that Plaintiff had not been under a disability since May 15, 2014, the day the application was filed. (Tr. 30).

**E. Summary of the Appeals Council's Decision**

After granting Plaintiff's request for review, on November 1, 2017, the Appeals Council rendered a decision modifying the ALJ's decision but still finding Plaintiff not disabled. (Tr. 1-11). The Appeals Council adopted the ALJ's step two finding and found that Plaintiff had severe impairments of coronary artery disease, status-post heart bypass surgery and status-post stent placement; type 2 diabetes; and obesity. (Tr. 5-6, 8). The Appeals Council, adopting the ALJ's step three finding, found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, App'x 1. (Tr. 6,

8). Thereafter, the Appeals Council adopted the ALJ's RFC finding and found Plaintiff retained the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b) with additional limitations. (Tr. 6, 8). She could occasionally bend, stoop, and climb ramps and stairs. (Tr. 6, 8). She could never climb ropes, ladders, or scaffolds (Tr. 6, 8). She could not work in extreme heat or cold (Tr. 6, 8). She could only occasionally balance, but she could not work at heights. (Tr. 6, 8). While the Appeals Council adopted the ALJ's step four finding and found Plaintiff had no past relevant work, it did not adopt the ALJ's step five finding. (Tr. 6-8).

At step five, the Appeals Council explained its decision not to adopt the ALJ's findings as follows:

> The record shows that as of the date of the Administrative Law Judge's decision, the claimant was an individual closely approaching advanced age with a high school education, no past relevant work, and the residual functional capacity to perform a reduced range of light work. Since the claimant has no past relevant work, transferability of skills is not at issue in this case. The Administrative Law Judge found that the claimant was not disabled using the framework of Medical-Vocational Rule 202.20; however, that rule corresponds to a younger individual. The Administrative Law Judge also determined that the claimant was not disabled by relying exclusively on testimony that she could perform 3 sedentary representative occupations. If the claimant were limited to sedentary work, Medical-Vocational Rule 201.12 would direct a finding of disabled. Accordingly, the Appeals Council does not adopt the Administrative Law Judge's finding at step 5 of the sequential evaluation.

(Tr. 7). The Appeals Council, relying on the testimony of a vocational expert, found that Plaintiff could perform such jobs as office helper, mail sorter, and information clerk. (Tr. 7). Accordingly, the Appeals Council found Plaintiff not disabled from May 15, 2014, through October 3, 2016. (Tr. 7, 8).

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to find that Plaintiff would be absent from work an inordinate number of days so that she would not be able

to engage in substantial gainful activity. (Doc. 26 p. 8). Plaintiff argues that due to multiple hospital visits during the time period at issue, she would not have been able to sustain work over a vocationally relevant period of time. (Doc. 26 p. 8). Plaintiff notes that from April 6, 2015, to June 2, 2016, Plaintiff visited the hospital thirteen times with complaints of chest pain, once for symptoms of incarcerated hernia, once with complaints of pelvic and right leg pain, once for right hip pain, and once with complaints of difficulty staying awake. (Doc. 26 p. 9). Plaintiff acknowledges that Plaintiff's chest pain was found to be atypical and not considered heart related, but contends that it does not mean Plaintiff was malingering or that the hospitalizations were not necessary. (Doc. 26 p. 9-10). Plaintiff argues that given Plaintiff's history of coronary artery disease, bypass surgery, and stenting, it was not unreasonable for her to go to the emergency room. (Doc. 26 p. 10). Plaintiff contends that her reasonable emergency room visits would have caused her to be absent from work an inordinate amount of days. (Doc. 26 p. 10). Plaintiff argues that "[a]t a minimum, the Administrative Law Judge should have posed a hypothetical to the vocational expert which included the number of days which the claimant would have been absent per year, consistent with her hospital emergency room visits." (Doc. 26 p. 10).

In response, Defendant argues that the Appeals Council specifically addressed the issue of Plaintiff's absenteeism and substantial evidence supports the Appeals Council's analysis. (Doc. 26 p. 10-15).

As an initial matter, the Court notes that Plaintiff's arguments are incorrectly directed towards the ALJ's decision. The exclusive jurisdictional basis for judicial review of claims arising under the Social Security Act is pursuant to 42 U.S.C. § 405(g). It is well settled that 42 U.S.C. § 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The Social Security Act

does not define "final decision" and instead leaves it to the SSA to give meaning to that term through regulations. The applicable regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Appeals Council issues is the Commissioner's final decision. *Sims v. Apfel*, 530 U.S. 103, 106–07, 120 S. Ct. 2080, 2083, 147 L. Ed. 2d 80 (2000); 20 C.F.R. § 404.984.

In this case, the Appeals Council granted review and issued a decision. Thus, the Appeals Council's decision dated November 1, 2017, became the final decision of the Commissioner. Plaintiff's portion of the joint memorandum fails to identify any error on the part of the Appeals Council, only the ALJ. Nevertheless, the Court will address the merits of Plaintiff's argument concerning the treatment of Plaintiff's absenteeism from hospitalizations.

Upon review of the Appeals Council's decision, the Court finds no error in its consideration of Plaintiff's alleged absenteeism due to hospital visits. In its decision, the Appeals Council specifically addressed the issue of whether Plaintiff's hospitalizations would result in absenteeism that would prevent her from performing jobs that exist in significant numbers in the national economy. (Tr. 4). As the Appeals Council explained, "Although the records reveal numerous hospitalizations during the period at issue, the circumstances surrounding these hospitalizations do not support a finding of disability." (Tr. 4). The Appeals Council directly addressed the type of visits that form the basis of Plaintiff's argument—hospital visits for complaints of chest pain. (Tr. 4). The Appeals Council explained that Plaintiff's "hospitalizations were frequently short, and ended when cardiac workups confirmed that the claimant's complaints of atypical chest pain did not require further investigation. Thus, the longitudinal record shows that the majority of [Plaintiff's] hospitalizations have been for non-specific complaints that were not validated by

objective testing." (Tr. 5, 735-37, 753, 755-56, 819-20, 883, 891-908, 918-35, 788-89, 987, 998-1002, 1028, 1032-36, 1076, 1114).

Substantial evidence supports this determination. The record shows normal examination and findings at Plaintiff's visits, as well as notations about Plaintiff having "atypical pain" or not needing further workup. (Tr. 735-37, 753, 755-56, 819-20, 883, 891-908, 918-35, 788-89, 987, 998-1002, 1028, 1032-36, 1076, 1114). The Appeals Council also noted that "the record suggests that [Plaintiff] sought hospitalization in order to obtain narcotic pain medication." (Tr. 5). As the Appeals Council properly explained, in June 2015, Plaintiff's "attending physician reported that [she] had refused to see her in the past due to her unwillingness to prescribe Gabapentin, Xanax, and Percocet." (Tr. 5). The record shows that Plaintiff presented to the hospital complaining of chest pressure in early June 2015. (Tr. 819). She was admitted for chest pain, and she was "initially ruled out for an acute coronary syndrome [and] cardiac enzymes were negative." (Tr. 819). A chest x-ray showed "no acute cardiopulmonary abnormalities," and a chest scan showed "no evidence of pulmonary embolism [and] no acute cardiopulmonary abnormalities." (Tr. 819). A cardiovascular examination was normal. (Tr. 820). The only abnormality detected was related to an "upper respiratory illness," and it resolved. (Tr. 819-20). Dr. Patel noted, "Patient has refused to see me in the past due to issues w[h]ere I will not provide prescription for [gabapentin, Xanax, and Percocet] on discharge" (Tr. 820). The Appeals Council further explained that on September 24, 2015, Plaintiff "left St. Joseph's Hospital against medical advice promptly after being denied painkillers." (Tr. 789). At this hospital visit, which Plaintiff cites in support of her argument, Plaintiff reported a complaint of "chest pain" (Tr. 788). However, Dr. Patel noted that Plaintiff was "not given pain medications at her request and decided to leave [against

medical advice]." (Tr. 789). Because the evidence shows Plaintiff was presenting at the hospital, at least at times, in an attempt to obtain narcotics, not because of any issues caused by her impairments, this evidence fails to show the Appeals Council needed to find Plaintiff limited in her ability to attend work on a sustained basis.

As to Plaintiff's hospital visits that did not relate to chest pain, Plaintiff has failed to show that these visits give rise to unacceptable levels of absenteeism. One of the visits Plaintiff cites was for symptoms of an incarcerated hernia in July 2015 (Tr. 889), one is for complaints of pelvic and right leg pain in January 2016 (Tr. 1010-1022), and one is for right hip pain in February 2016 (Tr. 1005-06). Given that Plaintiff has admitted the visits related to chest pain were not caused by her impairments, it is unclear how these sporadic hospital visits would result in an unacceptable level of absenteeism from work.

Further, Plaintiff has failed to show that her hospitalization for "difficulty staying awake" from June 1, 2016, to June 2, 2016, gives rise to unacceptable levels of absenteeism. During this visit, Plaintiff was diagnosed with "Altered mental status, secondary to accidental overdose." (Tr. 1127). Plaintiff has failed to make any showing that Plaintiff's hospitalization for this diagnosis will require additional hospitalizations in the future resulting in unacceptable absenteeism.

Plaintiff has failed to show that the Appeals Council erred in considering the impact of her hospital visits on her absenteeism from work. Accordingly, the Court affirms the Appeals Council's decision.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED.** The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties